HENRY K. BAKER and others in equity *vs.* JOHN ATKINS and others.

*Banks—insolvent. Equity pleading. R. S. c. 47, § 74.*

A bill in equity brought under R. S., c. 47, § 74, may be inserted in a writ of attachment.

Where neither discovery nor an injunction is sought, the bill need not be signed nor verified by the complainant's oath.

A bill is not demurrable for want of parties, which states good reasons for not joining those, the omission of whom is assigned as a ground of demurrer.

A stockholder in an insolvent bank, made respondent to a bill in equity brought under R. S., c. 47, § 74, to enforce.payment of a fixed sum assessed upon each share of stock, is not injured by the non-joinder of any other stockholder; and, therefore, cannot sustain a demurrer to the bill for that cause.

When the total sum to be raised by an assessment upon the stockholders of an insolvent bank has been determined by an adjudication of court, no errors in the computation of that sum can be taken advantage of upon a demurrer to a bill in equity brought to enforce payment of the assessment.

If such a bill does not state that the notice mentioned in R. S., c. 47, § 45, has been given, a respondent cannot, by demurrer, avail himself of the limitation mentioned in that section.

BILL IN EQUITY brought by the receivers of the American Bank of Hallowell, in behalf of those holding the bills of that institution, against those who were holders of its stock upon the twelfth day of September, 1865, when an injunction against it was made perpetual, and these receivers were appointed, on account of its insolvency. From the report of the receivers made to this court, at its October term, 1870, and then accepted, stating all their receipts and expenditures, and the outstanding liabilities, it appeared that there was a deficiency of assets of $31,290, for the payment of bill-holders; and accordingly a judgment of the court was entered, ordering that sum to be assessed upon the seven hundred and forty-five shares held by stockholders on the twelfth day of September, 1865, being forty-two dollars per share and the receivers were directed to enforce payment of the assessment by this bill which was inserted in a writ of attachment dated January 14, 1871, returnable to the March term, 1871, of this court.

Several persons who were stockholders Sept. 12, 1865, died before this bill was brought "and their legal representatives were not made parties because their estates have been fully settled and closed up, and all claims against them are barred by the statute of limitations, or they died insolvent and no administration was ever granted on their estates." Others were omitted because they either resided or had died out of the State, having no property in Maine; two because they had been discharged under the bankrupt act; and a number because they had paid the assessment aforesaid upon the shares of stock held by them Sept. 12, 1865. The bill was not signed nor sworn to by either of the complainants, nor by their solicitors. A demurrer was filed to the bill, and nine causes assigned, to wit: (1) that the bill was neither signed nor verified; (2) that it was improperly inserted in a writ of attachment, instead of being filed; (3) that it did not appear that the deficiency might not have been collected of the officers of the bank, or that any attempt had been made so to collect it; (4) that it does not appear that due diligence was used, or that all the assets were reduced to money, or that they were exhausted before this bill was

Baker v. Atkins.

brought; (5) that the complainants have been guilty of negligence and laches; (6) that their expenditures have not been shown and adjudged to be reasonable and proper; (7) that the liability of the defendants for contribution expired by lapse of time, long prior to the bringing of this bill; (8) that the officers of the bank are not made defendants, nor all the stockholders or persons liable, but part of them have been illegally released and discharged; (9) that it does not appear that the complainants have not an adequate remedy at law.

*E. F. Pillsbury* and *A. G. Stinchfield*, for the respondents, in support of the demurrer.

*A. Libbey* and *Baker & Baker*, for the complainants.

APPLETON, C. J.   This is a bill in equity brought by the receivers of the American Bank by order of this court under the provisions of R. S. of 1857, c. 47, § 73, against the defendants as stockholders of the same to compel them to contribute to the payment of its debts, the assets of the bank having been found and adjudged insufficient to pay the claims against the bank.

The defendants have demurred to the bill and assigned various causes of demurrer.  As the demurrer admits all facts duly set forth in the bill, the only question now to be considered is whether it states any cause of action against the respondents.

(1)   The bill is properly inserted in a writ of attachment, and it is not required to be verified by oath, inasmuch as no discovery is sought and there is no prayer for an injunction.

(2)   This bill is against the holders of the stock of the bank when the injunction previously granted was made perpetual.   The bill by § 73 is to be filed against such stockholders and not against the directors as such.

(3)   It seems that certain persons deceased were owners of shares, whose representatives are not made parties to the bill. But it is alleged that they are not made parties to this bill "because their estates have been settled and closed up and all claims against

them are barred by the statute of limitations, or they died insolvent and no administration was granted on their estates." Then there were other stockholders, who died out of the State having no property in it, and some who have been discharged under the bankrupt act of the United States, passed March 2, 1867.

It is objected that these several classes were not included in the bill as parties. But the bill gives good reasons for not so including them. The demurrer admits the truth of the several facts stated on account of the existence of which the parties were omitted, to whose omission exception is taken.

But the defendants cannot be harmed in any way, as the assessment made by the court was upon all the shares, and it is of no consequence whatever to them whether the other stockholders are joined or not, inasmuch as the amount of their liability has been fixed and will not be increased nor diminished, whether the parties whose names are not included in the bill were inserted or not.

(4) The plaintiffs in their bill allege that they stated in their reports all the assets that came into their hands, and that there was, and now is a deficiency, after applying the assets in payment of the claims of the bank, of $31,290; that their report was accepted by the court; that it appearing to the court that the assets were insufficient to pay the bills of the bank duly proved and allowed by the sum of $31,290, a judgment of the court was entered up accordingly and that sum was ordered to be assessed on all the shares of the bank held by stockholders, amounting to forty-two dollars on each share, and that they were ordered by said court to bring this bill in equity against said stockholders to enforce the collection of the same.

The costs, expenses and deductions were all presented to and adjudicated upon by the court. The judgment of the court shows the actual deficiency, which remained to be apportioned among the several stockholders. If there was any mistake or error in that adjudication, it cannot be reached by demurrer.

All the previous proceedings we must assume to be correct in the entire absence of anything indicating the reverse. The bill

therefore is strictly within the provisions of the section (73) under which it is sought to be maintained.

(5) The liability of holders of stock under R. S. of 1857, § 46, continues only two years after notice of the expiration of the charter of the bank has been given in the State paper. The bill does not allege that any notice has been given under this section. It does not therefore appear that the limitation provided for in this section has commenced running. How far the liability of the defendants is affected by this limitation in the present proceedings is not now before us for our consideration or determination.

The remedy adopted is that provided by statute, and the allegations in the bill show a compliance with the provisions of the statute, requisite to its maintenance. *Demurrer overruled.*

CUTTING, DICKERSON, DANFORTH, VIRGIN and PETERS, JJ., concurred.